IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ANTHONY GOODLOE, III, )<br>   Plaintiffs, )<br>vs. )<br>)<br>ZAVIOUS HOGAN, et al., )<br>   Defendants. ) | No. 3:22-CV-2064-S (BH)<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

### I. BACKGROUND

On September 16, 2022, the *pro se* plaintiff filed what appeared to be a complaint on behalf of his son, and he moved to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) Because the plaintiff appeared to have filed and signed the IFP motion on behalf of his son, it was ordered unfiled by *Notice of Deficiency and Order* dated September 26, 2022. (*See* doc. 5.) The notice and order also advised the plaintiff that he could not represent his son *pro se*, and that he must obtain legal counsel for this action to proceed on his son's behalf within fourteen days. (*See id.*.) The order specifically advised him that if counsel had not entered an appearance on behalf of the son within fourteen days, it would be recommended that this action be dismissed. (*Id.*) No counsel ever entered an appearance on behalf of the son, and the plaintiff has filed nothing since the complaint.

### II. REPRESENTATION OF SON

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

conduct causes therein." 28 U.S.C. § 1654. Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child. *See Chatman v. Miss. High School Athletics Ass'n,* 552 F. App'x 395, 337 (5th Cir. 2014) (per curiam); *see also Sprague v. Dept. of Family and Protective Serv.,* 547 F. App'x 507, 507-08 (5th Cir. 2013) (per curiam) (same but noting exception for cases where parent brings suit in an attempt to obtain social security benefits for the child); *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. 2008) (finding that grandfather could not represent the interests of his grandchild on a *pro se* basis, even if he was the legal guardian). The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law". *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

Here, the plaintiff is not suing to obtain social security benefits for his son. By order dated September 26, 2022, he was advised that because he did not appear to be licensed to practice law, he could not represent his son in this action without legal representation. He was also advised that if counsel had not entered an appearance on behalf of the son within fourteen days, dismissal of this case would be recommended. Well more than fourteen days have passed, but no attorney has entered an appearance on behalf of the son, and the plaintiff has not filed anything else.

### III. RECOMMENDATION

Because the plaintiff may not prosecute this action on behalf of his son without legal counsel, it should be dismissed without prejudice, unless licensed counsel enters an appearance on the son's

2

behalf within the time for objection to this recommendation, or by some other deadline set by the court.

**SIGNED** on this 29th day of November, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE